# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 6, 2019

```
* * * * * * * * * * * * *
KENNETH RICKARD,              *   No. 17-1114V
                              *   Special Master Horner
         Petitioner,          *
                              *
v.                            *
                              *
SECRETARY OF HEALTH           *   Attorneys' Fees and Costs
AND HUMAN SERVICES,           *
                              *
         Respondent.          *
* * * * * * * * * * * * *
```

John R. Howie, Jr., Howie Law, PC, Dallas, TX, for Petitioner.
Althea W. Davis, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 18, 2017, Kenneth Rickard ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that an influenza ("flu") vaccine administered on October 21, 2015 caused petitioner to suffer Guillain-Barré syndrome. On March 6, 2019, the parties filed a stipulation for award, which the previously assigned special master adopted as her Decision awarding damages on March 7, 2019. Decision, ECF No. 40.[3]

On April 25, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 45 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $32,337.92

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Following Special Master Millman's retirement this case was reassigned to me on June 12, 2019 for resolution of attorneys' fees and costs.

(representing $30,737.20 in fees and $1,600.72 in costs). Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has not incurred any costs related to the prosecution of his petition. Fees App. Ex. 2 at 1.  Respondent responded to the motion on May 9, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the special master "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp. at 2–3 (ECF No. 46). Petitioner filed a reply on May 9, 2019, stating that "a review of Respondent's Response reflects that Respondent has made no specific objection to Petitioner's Application; therefore, Petitioner does not intend to file a substantive reply to Respondent's response." Reply, ECF No. 47, at 1.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant*

*part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[4]

Petitioner requests the following rates of compensation for his attorneys: for Mr. John Howie: $350.00 per hour for work performed in 2016, $363.00 per hour for work performed in 2017, $383.00 per hour for work performed in 2018, and $395.00 per hour for work performed in 2019; and for Ms. Zara Najam, $225.00 per hour for work performed in 2015-2016, and $233.00 per hour for work performed in 2017. Fees App. at 1. Petitioners also request rates ranging from $50 per hour to $148.00 per hour for paralegal work, depending on the individual paralegal and the year the work was performed. *Id.* at 1-2. I find the rates requested to be consistent with what Mr. Howie has previously been awarded for his Vaccine Program work, and also consistent with the Office of Special Masters' fee schedules. Accordingly, no adjustment to the rates is necessary.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, I find the overall hours billed to be largely reasonable. The only reductions necessary are due to administrative tasks billed by Ms. Najam and for excessive time billed by

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

paralegal Debbie Lupo. Concerning Ms. Najam's time, the billing records indicate that she billed a total of 9.65 hours on administrative tasks such as organizing medical records and paying invoices. She also billed 1.2 hours for "Changed name of exhibit to include Redding Endoscopy Center" on 6/28/17, which appears to be excessive given the work described. Accordingly, I shall reduce the final award of fees by **$2,246.45** to account for this time.[5]

Concerning Ms Lupo's time, the billing records indicate that she consistently billed 0.3 hours for review of mundane court filings, such as scheduling orders and the notice of assignment. Fees App. Ex. 2 at 12-13. In my experience, this is an excessive amount of for review of these such filings. By comparison, one of Mr. Howie's other paralegals only billed 0.1 hours for review of a scheduling order, a more reasonable amount of time for this task. *Id.* at 14. I will therefore reduce Ms. Lupo's 2017 hours billed by 1.2 and her 2018 hours billed by 0.6, resulting in a reduction of **$256.80**.[6] Petitioners are thus awarded final attorney's fees of **$28,233.95**.

      c. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,600.72 in attorneys' costs. This amount comprises the cost of obtaining medical records, postage, and the Court's filing fee. Fees App. Ex. C at 1. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in my experience. Petitioner is thus entitled to the full amount of attorneys' costs sought.

**II.**    **Conclusion**

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $30,737.20 |
|---|---|
| (Reduction to Fees) | - ($2,503.25) |
| **Total Attorneys' Fees Awarded** | **$28,233.95** |
| | |
| Attorneys' Costs Requested | $1,600.72 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,600.72** |
| | |
| **Total Attorneys' Fees and Costs** | **$29,834.67** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award a lump sum in the**

---

[5] ($225.00 per hour * 0.25 hours) + ($233.00 per hour * 9.4 hours) = $2,246.45.

[6] (1.2 hours * $140.00) + (0.6 hours * $148.00) = $256.80.

**amount of $29,834.67, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. John Howie, Jr.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[7]

      **IT IS SO ORDERED.**

                                                s/Daniel T. Horner
                                                Daniel T. Horner
                                                Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).